UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CRAIG STANBURY,** | ) |
| | ) **CIVIL ACTION FILE NO.:** |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| **AUC CONSORTIUM, INC,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Craig Stanbury (hereinafter "Plaintiff"), by and through his undersigned counsel, and files this Complaint for Damages against Defendant AUC Consortium, Inc. (hereinafter "Defendant"), showing this honorable Court as follows:

## INTRODUCTION

This suit arises from unlawful age-based employment discrimination committed by Defendant and its agents. Defendant terminated Plaintiff and three (3) other employees above the age of 60, under the guise of a company reorganization. In terminating Plaintiff for no reason other than his age, Defendant violated the Age

Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* (hereinafter the "ADEA").

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages caused by Defendant's unlawful discriminatory employment practices involving Plaintiff's employment and termination. The practices committed by Defendants violate the ADEA. Plaintiff seeks backpay, front pay, liquidated damages, compensatory damages, punitive damages, and attorney's fees and costs.

## JURISDICTION AND VENUE

2.

The claims herein present questions arising under federal law, specifically the ADEA, thus jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331.

3.

Defendant is located and doing business within this judicial district and division. This action is brought within the Northern District of Georgia, wherein all or a substantial majority of the unlawful employment practices were committed and upon information and belief wherein all parties to this action reside, making venue proper under 28 U.S.C. § 1391(b) and (c).

## **PARTIES**

4.

Plaintiff, Craig Stanbury, is a sixty-two (62) year old resident of the state of Georgia and is subject to the jurisdiction of this Court. At all times material to the claims asserted herein, Plaintiff was employed by Defendant and was over the age of forty (40).

5.

This Court has personal jurisdiction over Defendant.

6.

Defendant is a domestic nonprofit corporation organized and existing under the laws of the State of Georgia. Defendant may be served with process by service upon its registered agent, Michael Hodge, located at 156 Mildred Street, P.O. Box 92527, Atlanta, GA, 30314.

7.

Defendant is an employer within the meaning of the ADEA and employed 20 or more employees in each of twenty or more calendar weeks in the current and preceding calendar year.

8.

Defendant is subject to the anti-discrimination provisions of the ADEA, as amended.

**ADMINISTRATIVE PROCEDURES**

9.

On April 1, 2020, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2020-04785.

10.

The EEOC issued a "Notice of Right to Sue" on January 7, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice.

11.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

**FACTUAL ALLEGATIONS**

12.

At all times relevant to this lawsuit, Plaintiff was over the age of forty (40) and was otherwise qualified for the position he held with Defendant.

13.

During all time relevant to this lawsuit, Defendants employed more than twenty (20) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto.

14.

Plaintiff was an employee of Defendant and was engaged in an industry affecting commerce.

15.

Defendant is a nonprofit consortium which promotes collaboration among four colleges in the metro-Atlanta area.

16.

Defendant hired Plaintiff as an Accounting and Scholarship Manager on or around November 21, 2016.

17.

As an Accounting and Scholarship Manager, Plaintiff, among other things, coordinated and oversaw bookkeeping, scholarship coordination, and records maintenance.

18.

Plaintiff more than competently performed the duties of his position, receiving only outstanding or satisfactory performance evaluations the entirety of his tenure.

19.

After working for Defendant for nearly three years, Plaintiff was terminated suddenly and without notice on October 4, 2019.

20.

At the time of termination, Plaintiff was sixty-one (61) years of age.

21.

Four (4) other individuals, three of whom were above the age of sixty (60), were also terminated by Defendant on October 4, 2019.

22.

According to Defendant, the employees who were terminated, including Plaintiff, were let go due to a "reorganization" and the elimination of positions.

23.

While supposedly eliminating four (4) positions occupied by individuals over the age of sixty (60), Defendant chose to retain positions occupied by individuals between the ages of thirty (30) and forty-eight (48).

24.

On October 9, 2019, five (5) days after Plaintiff and his coworkers were terminated, Defendant posted five (5) jobs with nearly identical titles and duties as the positions Defendant supposedly eliminated.

25.

After terminating four (4) individuals over the age of sixty (60) at one time, Defendant and its representatives stated that the purpose of the company reorganization was to align with a new vision and to innovate. Defendant accomplished this goal by replacing the employees it fired with younger new hires.

## COUNT I
## AGE-BASED DISCRIMINATION IN VIOLATION OF THE ADEA

26.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27.

Plaintiff has satisfied all administrative prerequisites to bringing this claim.

28.

Defendant's act of terminating Plaintiff due to his age constituted discriminatory treatment such that Plaintiff's terms and conditions of employment were adversely impacted.

29.

Defendant's reasons for terminating Plaintiff are pretextual.

30.

The true reason Defendant terminated Plaintiff was because of his age.

31.

Plaintiff's termination was the product of unlawful age bias on the part of Defendant. Defendant had no legitimate, non-discriminatory purpose, motive or intent to justify its actions against Plaintiff.

32.

Defendant intentionally, willfully, and wantonly disregarded Plaintiff's rights as an employee and Defendant's discriminatory actions were taken in bad faith.

33.

As a direct and proximate result of Defendant's intentional and unlawful conduct, which was intended to cause Plaintiff harm, and/or was committed with reckless disregard of the harm caused to Plaintiff, and in derogation of his federally protected rights, Plaintiff has suffered and continues to suffer emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to his reputation, and other past and future pecuniary losses.

34.

Defendant willfully disregarded Plaintiff's rights afforded to him by the ADEA, entitling Plaintiff to recover damages.

## COUNT II
## ATTORNEY'S FEES

35.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36.

Defendant committed the foregoing acts in bad faith and caused Plaintiff unnecessary trouble and expense in refusing to participate in the EEOC investigation

process.

37.

Accordingly, Plaintiff is entitled to recover from Defendant his expenses of litigation, including a reasonable sum as attorney's fees for having to prosecute this claim.

## COUNT III
## PUNITIVE DAMAGES

38.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39.

The foregoing acts of Defendant were spiteful, willful, deliberate, callously indifferent to Plaintiff's rights, and demonstrated a specific intent to cause Plaintiff harm.

40.

Accordingly, punitive damages should be awarded to punish Defendant and deter Defendant from repeating such wrongful acts.

**WHEREFORE**, Plaintiff requests the following relief:

a) General damages for mental and emotional suffering caused by the misconduct of Defendant;

b) Punitive damages based on the Defendant's willful, malicious, intentional, and deliberate acts;

c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

d) Reasonable attorneys' fees and expenses of litigation;

e) Trial by jury as to all issues;

f) Prejudgment interest at the rate allowed by law;

g) Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

i) All other relief to which he may be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff herewith demands trial by jury as to all issues to which a right to trial by jury is afforded.

Respectfully submitted this 2nd day of April, 2021.

**HOFFER & WEBB, LLC**

*/s/ Robyn Oliver Webb*
**ROBYN OLIVER WEBB**
Georgia Bar No. 552505
*Counsel for Plaintiff*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 (Telephone)
rwebb@hofferwebb.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

Pursuant to the Local Rules of this Court, the above-signed counsel certify that this pleading complies with all formatting requirements of the Local Rules and further certifies that this pleading is printed in Times New Roman, 14-point type.